**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**HELENA DIVISION**

| | | |
|---|---|---|
| THOMAS JOSEPH SCHIFFERNS, | ) | Cause No. CV 05-22-H-DWM-CSO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF UNITED STATES MAGISTRATE |
| MIKE MAHONEY (WARDEN), DREW | ) | JUDGE TO DISMISS COMPLAINT |
| SCHOENING (DR.) (CHIEF OF | ) | |
| PSYCHOLOGICAL SERVICES), and | ) | |
| TAMARA SUNDERLAND (SOCIAL | ) | |
| WORKER) - MENTAL HEALTH, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant Tamara Sunderland's Motion for Summary Judgment (Court's Doc. No. 20) and Defendants Mahoney and Schoening's Motion for Summary Judgment. (Court's Doc. No. 24). Plaintiff is proceeding *pro se* and *in forma pauperis*. Defendant Sunderland's Motion for Summary Judgment was filed on March 31, 2006, and Defendants Mahoney and Schoening's motion was filed on April 3, 2006. Along with their motions, Defendants served Plaintiff with a Notice and Warning regarding the filing of a motion for summary judgment as required by Local Rule, Klingele v. Eikenberry, 849 F.2d 409, 411 (9th Cir. 1988) and Rand v. Rowland, 154 F.3d 952, 956 (9th Cir. 1998)(en banc). Plaintiff filed no response to either motion.

Plaintiff's Complaint seeks relief pursuant to 42 U.S.C. §

1983 for alleged violations of his Eighth Amendment rights when Defendants did not place him on psychiatric medications while at the intake unit of the Montana State Prison. See Complaint, ¶ IV, pp. 3-4.

I.  **STATEMENT OF THE CASE**

Plaintiff was incarcerated at the Montana State Prison and placed in the Martz Diagnostic and Intake Unit on March 2, 2005. There, Plaintiff went through several health screenings including mental health screenings.  On March 11, 2005, a Level 2 mental health screening was conducted by Defendant Tamera Sunderland. According to Sunderland's report of that screening, Plaintiff explained that he had been diagnosed with depression, anxiety and ADHD in 2005 while he was in pre-release.  He was prescribed and started taking Zanax and Wellbutrin in January 2005 but it was discontinued in February 2005 due to incarceration.  According to Defendant Sunderland's report, Plaintiff was "educated regarding the mental health services available to him and has denied those services at this time stating that he will be released soon." (Court's Doc. No. 26-1, p. 15).

On March 15, 2005, Plaintiff sent a request "to speak with someone about a couple problems."  The form indicates that someone spoke with him on April 19, 2005. (Court's Doc. No. 26-1, p. 17).

On March 19, 2005, Plaintiff wrote a grievance indicating

that he was being denied his medication for depression and anxiety because the doctor would not come and evaluate him.  The MSP Grievance Coordinator Ken Cozby responded on April 5, 2005, that what medications he is prescribed is not a matter of a grievance and that, "As to when you get to see the doctor, I do not endorse placing you ahead of others with similar needs who have been waiting longer than you." (Court's Doc. No. 26-2, p.4).

Plaintiff filed this lawsuit on April 28, 2005.  (Court's Doc. No. 2).

On May 29, 2005, Plaintiff sent another request asking to get his "meds" back as soon as possible.  The disposition on the form indicates that he was seen on June 1, 2005.  (Court's Doc. No. 26-1, p. 18).  The notes of the June 1, 2005, visit indicate that Plaintiff was asking to restart his medications (Wellbutrin, Zoloft, Zanax and Trazadone).  The assessment on the report indicates that Plaintiff "could benefit from an antidepressant and will refer him to Dr. Schaefer." (Court's Doc. No. 26-1, p. 20).  On June 2, 2005, Plaintiff was transferred to Crossroads Correctional Center.

Plaintiff appealed the denial of his March 19, 2005, grievance to the Warden on April 25, 2005.  The response dated June 3, 2005, indicated that Plaintiff was scheduled to see the psychiatrist.  Mr. Cozby mailed the denial of Plaintiff's appeal to him at CCC in Shelby on June 14, 2005, advising him he could

appeal further.  Plaintiff did not respond or appeal the matter further to the Director of the Department of Corrections.

**II.  DISCUSSION**

The Prison Litigation Reform Act (PLRA) provides that, "[n]o action shall be <u>brought</u> with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e) (emphasis added).  This exhaustion requirement is mandatory.  <u>Booth v. Churner</u>, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

The PLRA is applicable in this case and therefore Plaintiff would have had to exhaust all available administrative remedies <u>prior</u> to filing this lawsuit.

Defendants have produced the Montana State Prison Inmate Grievance Procedure which provides four levels in the grievance process. (Court's Doc. No. 26-6, Exhibit R).  First, the inmate must try informal resolution.  If that is unsuccessful, he must submit an Inmate Grievance Form within five working days of the incident.  The Grievance Coordinator (GC) then investigates the grievance and either responds to it directly or presents the findings to the Grievance Advisory Board (GAB) within ten working days of receipt of the grievance.  The GAB has ten days to respond to the complaint.  If the inmate is not satisfied with

the decision of the GC or the GAB he has three days to file appeal to the Warden.  If the inmate is not satisfied with the Warden's response, he has three days to appeal the response to the Director of the Department of Corrections.  If not satisfied with the response of the Corrections Department, the grievant may contact the appropriate court. (Court's Doc. No. 26-6, Exhibit R, pp. 8-10).

The Affidavit of Ken Cozby (Court's Doc. No. 26-2, p. 2) states that he received a grievance from Plaintiff regarding the denial of his anxiety and depression medication and denial of medical and psychological treatment.  (Court's Doc. No. 26-2, p. 4).  He responded to that grievance on April 5, 2005, and Plaintiff indicated that he wanted to appeal that decision.  On April 25, 2005, Plaintiff filed a Grievance Appeal to the Warden. (Court's Doc. No. 26-2, p. 6).  That grievance appeal was denied on June 3, 2005.  The appeal form states in bold capital letters, "appeals must be filed to the Corrections Division Administrator within 3 working days of receipt of response."

Ken Cozby mailed the denial of Plaintiff's appeal to Plaintiff on June 14, 2005, with a memo telling him that if he wanted to appeal the response he had to sign it and return it to him. (Court's Doc. No. 26-2, p. 7).  On July 20, 2005, Cozby wrote on the bottom of the memo "no response." (Id.).

Thus, Plaintiff did not complete the grievance process prior

FINDINGS AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE TO DISMISS COMPLAINT / PAGE 5

to filing this lawsuit. 42 U.S.C. § 1997e(a) requires dismissal when a plaintiff does not exhaust administrative remedies prior to filing a lawsuit. <u>McKinney v. Carey</u>, 311 F.3d 1198 (9th Cir. 2002). Generally such dismissals are without prejudice. However, in this case Plaintiff cannot go back and complete the grievance process under the MSP grievance policies. The United States Supreme Court recently held in <u>Woodford v. Ngo</u>, 126 S.Ct. 2378 (2006), that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." <u>Id.</u>, at 2386. The Court held further that "[proper exhaustion] means ... a prisoner must complete the administrative review process in accordance with the applicable procedural rules . . . as a precondition to bringing suit in federal court." <u>Id</u>.

    Plaintiff did not in 2005 complete the administrative inmate grievance review process as establish by the Montana State Prison and he cannot go back now and timely complete that appeal process. His appeal to the Director of the Department of Corrections (the final step in the grievance process) would be untimely under MSP grievance policies. Thus Plaintiff did not and cannot now exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Thus, the dismissal is with prejudice and applies to all Defendants.

FINDINGS AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE TO DISMISS COMPLAINT / PAGE 6

Accordingly, the Court enters the following:

**RECOMMENDATION**

Defendants' Motions for Summary Judgment (Court Doc. Nos. 20 and 24) should be **GRANTED** and Plaintiff's Complaint (Court's Doc. No. 2) should be **DISMISSED.**

The Clerk of Court is directed to serve Plaintiff's copy of this Findings and Recommendation to Plaintiff's address indicated on the Court's docket as well as to Montana State Prison.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

The Clerk of Court shall serve a copy of this Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636(b)(1), they have the right to file written objections to this Findings and Recommendation.  Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after the signing of this recommendation, or objection is waived.

**PLAINTIFF IS CAUTIONED THAT HE MUST KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS.**

DATED this 24th day of October, 2006.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge